UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERONDA DANIELS, Individually and on Behalf of the Estate of L.V. Daniels, Jr., Deceased; <br> L.V. DANIELS, SR. Individually and on Behalf of the Estate of L.V. Daniels, Jr., Deceased; and, <br> LILLE RUE DANIELS, Individually and on Behalf of the Estate of L.V. Daniels, Jr., Deceased <br><br> Plaintiffs, <br> v. <br><br> THE CITY OF DALLAS and CITY OF DALLAS OFFICER KENT OWEN WOLVERTON, Individually and in his Official Capacity <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | **3-05 CV-2460 B** <br> Civil Action No. _____ <br> US CONSTITUTION and <br> AMENDMENTS <br> 42 USC 1981 <br> 42 USC 1983 <br> 42 USC 1985(3) <br> 42 USC 1988 <br> Pendent State Actions <br> Violation of Civil Rights et al |

## ORIGINAL COMPLAINT
## & APPLICATION FOR INJUNCTIVE RELIEF

### A. INTRODUCTION

1. Plaintiffs Sheronda Daniels, L.V. Daniels, Sr. and Lillie Rue Daniels bring this action for compensatory damages and punitive damages individually and on behalf of the estate of L.V. Daniels, Jr., against Defendants, The City of Dallas and Dallas Police Officer Kent Wolverton, Badge No. 8393 ("Defendants") individually and in his official capacity. Defendants, jointly and severally, denied L.V. Daniels, Jr. the civil rights and civil liberties guaranteed him by the Constitution and laws of the United States and the State of Texas when Officer Wolverton, acting recklessly, intentionally and under color of authority, sped through a residential neighborhood at speeds near 60 mph without



lights or siren, striking and killing L.V. Daniels, Jr. as he walked across a neighborhood street.

2. The circumstances of this horrifying incident, as described by various witnesses, not only shine a light on Defendants' random, unprovoked and unauthorized acts, but also, reveal a stark look at the illegal policies, customs and practices of the City of Dallas and its police department. It was precisely these historically, well-documented policies, customs and practices which motivated the Defendants to callously disregard Mr. Daniels' rights as well as the residents of the neighborhood's rights in connection with the incident that led to Mr. Daniels' death.

3. Defendants caused the death which forms the basis of this lawsuit. The recognition, affirmation and vindication of L.V. Daniels, Jr.'s civil rights and civil liberties as a citizen of the State of Texas and the United States of American are sought by this action so as to dispel any future notions by Defendants that L.V. Daniels, Jr., or any other citizen, can be so callously killed and denied their civil rights and civil liberties in contravention of federal and state constitutional rights and laws.

### B. JURISDICTION

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343 and its pendent jurisdiction over claims under Texas law. The recovery of damages and injunctive relief are authorized by 42 U.S.C. §§ 1981, 1983, 1985(3) and 1988.

### C. PLAINTIFFS

5. Plaintiff Sheronda Daniels, is a resident of the City of Dallas, Dallas County, Texas. Mrs. Daniels was married to the decedent L.V. Daniels, Jr. at the time of Mr. Daniels' death.

6. Plaintiff L.V. Daniels, Sr., is a resident of the City of Dallas, Dallas County, Texas. L.V. Daniels, Sr. is the father of L.V. Daniels, Jr.

7. Lillie Rue Daniels, is a resident of the City of Dallas, Dallas County, Texas. Lillie Rue Daniels is the mother of L.V. Daniels, Jr.

### D.  DEFENDANTS

8. Defendant City of Dallas, Texas, is a legally recognized and organized municipal corporation pursuant to the Texas constitution and state law. Incidental to its duties as a municipal corporation, the City of Dallas, organized and maintained, at all times material hereto, a police department. The responsibility for the selection, training, supervision, and operation of the police department, and its individual officer, was borne by the City of Dallas, acting through its duly elected and selected administrative officers and representatives.

9. Defendant Kent Wolverton, Badge No. 8393, was, at all times material hereto, employed by the City of Dallas as a police officer. Defendant may be served with process at his place of employment, Dallas Police Department, 2020 North Lamar Street, Dallas, Texas 75202.

### E.  FACTS

10. With callous disregard for the safety of L.V. Daniels, Jr., Defendant police officer, Kent Wolverton, with excessive force and brutality, killed L.V. Daniels, Jr. as Mr. Daniels lawfully walked across a residential street near his parents' home.

11. On the evening of September 23, 2005, at approximately 8:00 p.m., L.V. Daniels, Jr. crossed Dixon street at an intersection on the City's south side. A City of Dallas police officer, Kent Wolverton, Badge No. 8393, was recklessly speeding

generally northbound on Dixon, without his emergency lights or sirens engaged, when he swerved around another vehicle and struck and killed a pedestrian, L.V. Daniels, Jr. The force of the high-speed impact caused by Defendants' actions resulted in extensive damage to the squad car. More significantly, L.V. Daniels, Jr. suffered numerous broken bones and massive internal injuries when his body was violently crushed as a result of the high-speed impact with Defendants' patrol car. He later died.

12. According to witnesses the police officer was traveling at a high rate of speed, probably in excess of 60 mph., through Mr. Daniels' residential neighborhood. Neither the police vehicle's sirens nor emergency lights were activated. There was absolutely no emergency (or any other) reason for the officer to be traveling at a high rate of speed without lights or siren. Officer Wolverton was the third police car responding to a call about a possibly illegal dice game. In fact, after Officer Wolverton killed Mr. Daniels, no further action was taken to respond to the call about the dice game.

13. At the time Mr. Daniels was killed, the City of Dallas had no clear policy directing police officers on how or when to use high speeds, emergency lights or emergency sirens when responding to calls – especially non-emergency calls. Previously the City of Dallas had a policy where actions involving high speeds, lights and sirens were governed by a system consisting of three levels – Code 1, Code 2, and Code 3. Shortly before Mr. Daniels was killed some officers were told by the City of Dallas that Code 2 procedures had been eliminated. In practice there was no clear policy on the use of high speeds, sirens or lights in responding to calls requiring varying degrees of response. This failure, predictably, led to the confused response that ultimately killed Mr. Daniels: some officers responding to the dice game call had emergency lights on,

some had sirens engaged, and some used high speeds. Tragically, Officer Wolverton decided to respond at an amazingly high speed for the neighborhood conditions and refused to engage his lights or sirens.

14. Following the death of Mr. Daniels, and continuing for several days after the death of Mr. Daniels, the City of Dallas dispatched officers to the scene where Mr. Daniels was killed to harass, intimidate and scare witnesses and residents of the south Dallas neighborhood. These police officers wrote tickets for jaywalking to pedestrians crossing the street where Mr. Daniels was killed. While writing these tickets members of the neighborhood were told to "watch themselves" when crossing the street or the same fate suffered by Mr. Daniels would be suffered by them. The purpose of this conduct was to intimidate witnesses in this relatively poor but proud community in order to deprive this Court of evidence likely to be offered in this lawsuit.

15. In addition, the City of Dallas established and maintains a policy relating to internal and external investigations of its police officers in order to keep the public and the victims' families from learning of civil rights violations and other offenses committed by City of Dallas police officers. The City of Dallas has refused to release to the Daniels family information concerning either the external or internal investigation of the death of Mr. Daniels. The City of Dallas' illegal policy works like this: when a police officer commits a crime or a civil rights violation resulting in the death of a person, an external (or "independent") and internal investigation is conducted. Citing "policy", the City of Dallas refuses to turn over the results of the external investigation claiming the evidence may be used in a criminal investigation or may be needed to present to a grand jury. This excuse is a pretext. The City continues to refuse to release the Daniels investigation

information even after a grand jury failed to indict Officer Wolverton. The City of Dallas also refuses to release information gained in the internal investigation by claiming that the internal investigation is still underway. It is the policy of the City of Dallas to never conclude this and other internal investigations involving police misconduct so it can always maintain a cloak of secrecy around its findings. Upon information and belief, the City of Dallas is the only municipality in Texas to maintain these policies. These policies were developed to assist the City of Dallas in covering up civil rights violations and criminal conduct by its officers.

16. Neither L.V. Daniels, Jr. nor any other citizens of the City of Dallas, Dallas County, Texas, have any other remedy at law to protect themselves from the Defendants' callous, unprovoked acts in violation of their federal and state protected civil rights but for the intervention of the federal court requiring the individual Defendants, jointly and severally, to compensate Plaintiffs for the death of their husband and son and enjoining future conduct by the City of Dallas which will likely lead to the continued violation of civil rights in residential areas of south Dallas.

17. At the time and place stated above, the Defendant police officer was acting in his official capacity as a police officer of the City of Dallas, and by his intentional acts, under the color of authority, and using official oppression, violated the civil rights of and caused the death of and deprived L.V. Daniels, Jr. of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C. §§ 1981, 1983 and 1985(3).

18. At the time of the event in question, Defendant City of Dallas, through its intentional acts of malfeasance, omissions, neglect, failures in establishing proper police

procedure and failure to train, deprived L.V. Daniels, Jr. of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C., §§ 1981, 1983 and 1985(3), or, alternatively, Defendant City of Dallas was negligent proximately resulting in the death of L.V. Daniels, Jr. and the injuries and damages suffered by Plaintiffs.

19. Defendant City of Dallas was negligent in the hiring, training, supervising and maintaining public servants of the quality and character of the Defendant police officer Kent Wolverton. Defendant City of Dallas was grossly negligent in entrusting deadly weapons and the keeping of the peace to this person, and placing him in positions where he can create and cause such deprivation of rights and liberties and endanger citizens he is bound by oath and employment to protect. This failure proximately caused the death of L.V. Daniels, Jr., and the injuries and damages complained of by Plaintiffs.

20. As a result of the violation of L.V. Daniels, Jr.'s civil rights and civil liberties, as herein set out, and the wanton, reckless and wrongful disregard of his life by action of Defendants herein, L.V. Daniels, Jr. died.

21. Defendant City of Dallas instituted, authorized, ratified and/or approved the conduct exhibited by the Defendant police officer. Such conduct constituted the deprivation of the civil rights and civil liberties of L.V. Daniels, Jr. Additionally, Defendant City of Dallas instituted policies which created a climate in which the type of callous behavior exhibited by said Defendant police officer was allowed to occur. Defendant City of Dallas, in effect, ratified and approved such violent behavior by its police officer by failing to take appropriate disciplinary measures and by ignoring abusive conduct on the part of its police officer, and by failing to establish proper

procedures regarding the use of high speeds and the failure to use emergency lights when responding to calls both prior to the event and thereafter. Additionally, the Defendant City of Dallas ratified and condoned the abusive behavior of its police department and its officer by failing to institute appropriate disciplinary systems and by allowing this abusive and violent brutality to go unpunished and by allowing such police officer to remain on the police force as well as by dispatching officers to the neighborhood where the incident occurred to intimidate residents following the incident. Additionally, the official policy authorizing, ratifying, allowing and/or approving such conduct, which is so common and settled, constitutes a custom that fairly represents municipal policy.

## CAUSES OF ACTION

### F.  COUNT 1 – 42 U.S.C. § 1981

22. The allegations contained in Paragraphs 1-21 are incorporated herein by reference, the same as fully set forth verbatim.

23. Defendants, jointly and severally, intentionally and/or recklessly denied L.V. Daniels, Jr. the full and equal benefit of all laws, including due process, and proceedings for the security of person and property as is enjoyed by white citizens, including the right to be free from unlawful seizure, due process, and cruel and unusual punishment pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, which caused Plaintiff's damages as alleged herein.

### G.  COUNT 2 – 42 U.S.C. § 1983

24. The allegations contained in Paragraphs 1 through 21 are incorporated herein by reference the same as if fully set forth verbatim.

25.     Defendants, acting under color of state law, deprived L.V. Daniels, Jr, the rights, privileges, and immunities secured by the Constitution and laws of the United States, including those rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, by performing the following acts:

   a. Subjecting L.V. Daniels, Jr. to unreasonable excessive force, resulting in his death;

   b. Interfering with L.V. Daniels, Jr.'s rights to seek redress for his death by covering up law enforcement misconduct and filing false police reports.

   c. Failing to establish proper police procedure for the use of high speeds in responding to non-emergency calls.

   d. Failing to establish proper police procedure for the use of emergency lights and sirens when engaging in high speeds in residential neighborhoods.

   e. Affirmatively establishing a policy that bars the victims families and community from obtaining the results of internal and external investigations.

   f. Intimidating witnesses and members of the neighborhood where the incident occurred by writing jaywalking tickets and verbally threatening the local residents after the death of L.V. Daniels, Jr.

**H.     COUNT 3 -- 42 U.S.C. § 1985(3).**

26.     The allegations contained in Paragraphs 1 through 21 are incorporated herein by reference the same as if fully set forth verbatim.

27.     Defendants, two or more of them, conspired for the purpose of:

    a. Depriving L.V. Daniels, Jr. of equal protection of the law;

    b. Depriving L.V. Daniels, Jr. of due process of law; and

    c. Hindering the constituted authorities from giving or securing equal protection and due process of law to all persons on the basis of race, and national origin.

### I. COUNT 5 -- PENDENT STATE CLAIMS

28. The allegations contained in Paragraph 1 through 21 are incorporated herein by reference the same as if fully set forth verbatim.

29. As a pendant state cause of action, Defendants, by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly violated L.V. Daniels, Jr.'s state constitutional right to be free from discrimination, denial of due process and equal protection under the Texas state constitution and laws.

30. As a pendent state cause of action, at all times material and relevant herein, Defendants by acts and/or omissions and under the color of state law, intentionally, knowingly and/or recklessly caused, or threatened to cause, death to L.V. Daniels, Jr. The Defendants' actions constitute aggravated assault. The force used against Decedent was unreasonable and constituted a battery under the laws of the State of Texas, Texas Penal Code §2201.

31. At all times material, Defendants individually and in their official capacity, jointly and severally, intentionally, knowingly and/or recklessly caused, or threatened to cause, bodily injury and death to L.V. Daniels, Jr. in violation of Texas law prohibiting the violation of the civil rights under Texas statutes.

32. At all times material, Defendants individually and in their official capacity, jointly and severally, intentionally, knowingly and/or recklessly caused, or threatened to cause, bodily injury and death to L.V. Daniels, Jr. in violation of Texas law prohibiting official oppression.

J. **COUNT 6 – APPLICATION FOR INJUNCTION**

33. The allegations contained in Paragraph 1 through 21 are incorporated herein by reference the same as if fully set forth verbatim.

34. Pursuant to 42 U.S.C. Sect. 1981 and 1983, Defendants are liable for and must be enjoined from committing such illegal acts and civil rights violations as have been exhibited in the events that led to the death of Mr. Daniels. In addition, Defendants are liable for and must be enjoined from the illegal acts and civil rights violations that the City of Dallas and the Dallas Police Department engaged in following the death of Mr. Daniels. The protection of Plaintiffs and every other member or person in the City of Dallas requires that this Court issue an order enjoining the City of Dallas from:

   a. Continuing to promulgate, enforce and maintain an ineffective and illegal policy for responding to non-emergency calls. Future policies must ban high speed driving in residential neighborhoods in response to non-emergency calls;

   b. Continuing to promulgate, enforce and maintain an ineffective and illegal policy for use or non-use of lights and sirens when maintaining high speeds in residential neighborhoods. Future policies must require the use of lights and sirens during high speed responses in residential neighborhoods especially when responding to non-emergency calls;

    c. Failing to properly train officers in how to respond to non-emergency calls;

    d. Operating police vehicles without perpetually running an on-dash video camera so that civil rights violations and policy violations can be ascertained and reviewed;

    e. Maintaining its policy that results in the aiding and cover-up of civil rights and criminal violations by barring the release of external and internal investigations of civil rights violations on the pretext that: 1) the investigation may be needed in a criminal case (even after the case is presented to a grand jury); or 2) that the internal investigation is "ongoing" well beyond the time period for any reasonable investigation period;

    f. Barring family members from obtaining the full external and internal investigation record when a police officer kills an innocent pedestrian.

35. Plaintiffs ask the court to set their application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against the Defendants.

### K.   COMPLIANCE WITH NOTICE PROVISIONS

36. Plaintiffs timely presented their claims to Defendants as required by Texas State law.

### L.   DAMAGES

As a direct and proximate result of the Defendants' conduct and the occurrence made the basis of this lawsuit, Plaintiffs, and Plaintiff decedent before his untimely death, sustained damages in at least the following respects:

   a.   Past and future physical pain and suffering;

   b.   Past and future mental anguish;

   c.   Past lost wages, loss of earning capacity, and future loss of earning capacity;

   d.   Past and future loss of enjoyment of life;

   e.   Loss of household services;

   f.   Loss of consortium;

   g.   Pecuniary loss;

   h.   Loss of companionship and society;

   i.   Loss of inheritance;

   j.   Funeral and burial expenses sustained in the past;

   k.   Medical expenses sustained in the past;

   l.   Loss of addition to applicable estate(s);

   m.   Past physical pain and suffering and mental anguish suffered by L.V. Daniels, Jr.; and

   n.   Pre- and post-judgment interest at the highest rate permitted by law.

**M.   ATTORNEY FEES**

36.   As a direct causal result of the Defendants' illegal actions, it was necessary for Plaintiffs to employ the legal services of Howie, Broome, Bobo & Greene LLP to file and prosecute this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. Sect. 1988(b) and other State and Federal laws.

### N.   PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs' assert their right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### O.   PRAYER

WHEREFORE, Plaintiffs pray that Defendants be served with citation and process and that, upon trial of this matter, an award be ordered in favor of Plaintiffs and against Defendants, jointly and severally; that the Plaintiffs recover, jointly and severally, exemplary damages against each of the individual Defendants in an amount sufficient to punish each of the individual Defendants and that is sufficient to punish and/or to deter and make an example of those Defendants in order to prevent similar conduct in the future; and that an award also issue for reasonable and necessary attorneys' fees and expenses of litigation, court costs, pre-judgment and post-judgment interest, the injunctive relief requested hereinabove, and any other general relief in law or in equity to which Plaintiffs may be justly entitled.

Dated:   December 14, 2005.

Respectfully submitted,

*[signature]*

**Stanley D. Broome**
State Bar No. 24029457
**Ryan W. Greene**
State Bar No. 24007269
**Matthew W. Bobo**
State Bar No. 24006860

HOWIE, BROOME, BOBO & GREENE LLP
909 Lake Carolyn Parkway, Suite 17000
Irving, Texas 75039
(214) 574-7500 (Telephone)
(214) 574-7501 (Facsimile)

John W. Clark, Jr.
Texas State Bar No. 04312000
9400 N. Central Expressway, Ste 1320
Dallas, Texas 75231
(214) 368-7100
(214) 368-7142 facsimile

**ATTORNEYS FOR THE PLAINTIFFS**

%JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**3-05CV-2460-B**

## I. (a) PLAINTIFFS
SHERONDA DANIELS, Individually and on behalf of the Estate of L.V. Daniels, Jr., Deceased, et al.

### DEFENDANTS
THE CITY OF DALLAS and CITY OF DALLAS OFFICER KENT OWEN WOLVERTON, Individually and in his Official Capacity

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

RECEIVED DEC 15 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stan Broome, Howie, Broome, Bobo & Greene
909 Lake Carolyn Pkwy, Ste 1700, Irving, TX 75039 (214) 574-7500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
Brief description of cause: Violation of civil rights under color of authority resulting in death. 42USC§§ 1981, 1983, 1985, 1988

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 12-15-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____