# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-10883
Summary Calendar

---

SHERONDA DANIELS, Individually and on Behalf of the Estate of L V Daniels, Jr Deceased; L V DANIELS, SR, Individually and on Behalf of the Estate of LV Daniels Jr Deceased; LILLIE RUE DANIELS, Individually and on Behalf of the Estate of LV Daniels Jr Deceased

                Plaintiffs -Appellants

v.

CITY OF DALLAS; KENT OWEN WOLVERTON, City of Dallas Officer Individually and in his Official Capacity

                Defendants-Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2460

---

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This case involves the tragic death of L.V. Daniels, Jr. On September 23, 2005, Officer Castro of the Dallas police force made a call for back-up from a drug arrest, requesting "Code 1" non-emergency cover. Officer Wolverton responded, and as he was speeding through an intersection around 8:00 PM, he swerved around a stopped car and hit Daniels, a pedestrian. Daniels sustained fatal injuries, and his family sued under § 1983 for violation of the Fourteenth Amendment right to life.

The central dispute is whether the district court, in dismissing Plaintiffs' claims with prejudice and granting Defendants' summary judgment motion, used the proper standard for actions that "shock the conscience" and are a constitutional violation under *County of Sacramento v. Lewis*.[1] We need not cabin this case into the narrow distinctions among high-speed chases and other responses to emergencies and non-emergencies.

It matters not here whether we apply an intent-to-harm standard for chases or a lower standard of deliberate indifference; Wolverton's actions do not fall within the ambit of either. This is a case that, although tragic, involves negligence or even gross negligence but not deliberate indifference[2]; under a substantive due process inquiry, ordinary tort liability does not obtain. As the Seventh Circuit held under a deliberate indifference inquiry in *Hill v. Shobe*,[3]

---

[1] 523 U.S. 833, 846 (1998) (observing that "for half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience."). Although Plaintiffs argue that the Supreme Court has questioned the validity of the "shocks the conscience" test, the Court made clear in Lewis that it is the proper test for a constitutional challenge under § 1983. *See id.*

[2] *See, e.g., Hernandez ex rel. Hernandez v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 882 (5th Cir. 2004) (citing *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000)) ("To establish deliberate indifference, the plaintiff must demonstrate culpability beyond mere negligence or even gross negligence.").

[3] 93 F.3d 418 (7th Cir. 1996). In *Shobe*, the officer who caused a fatal accident at an intersection was not responding to an emergency and failed to turn on his emergency lights, headlights, or sirens. *Id.* at 419.

> The fact that a public official committed a common law tort with tragic results fails to rise to the level of a violation of substantive due process. . . . motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it. It is insufficient to show that a public official acted in the face of a recognizable but generic risk to the public at large.[4]

In an unpublished opinion in *Smith v. Walden*, we similarly affirmed a deliberate indifference holding in the police context. The district court held that a police officer who was speeding without lights or a siren in response to a non-emergency call and killed an innocent passenger did not act with "the level of arbitrary or intentional conduct that shocks the conscience in the constitutional sense."[5]

We find no facts in the pleadings or the record, viewed in the light most favorable to Plaintiffs, showing that Wolverton acted with the recklessness required for deliberate indifference.[6] Nor do we find error in the district court's treatment of Plaintiffs' facts and pleadings. No matter how favorably a court treats the Plaintiffs' facts and pleadings, they do not demonstrate the requisite factors for deliberate indifference.

Finally, Plaintiffs assert that the district court erred in granting summary judgment for the City. Plaintiffs claim that the City could still be liable if Wolverton's actions did not violate Plaintiffs' constitutional rights and that the

---

[4] *Id.* at 421-22 (internal citations omitted).

[5] *Smith v. Walden*, Order, USDC No. 2:97-cv-204-J, *affirmed in Smith v. Walden*, 228 F.3d 408 (Table), 2000 WL 1056091, at *1 (5th Cir. July 17, 2000) (unpublished).

[6] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Hernandez*, 380 F.3d at 882 (internal citations omitted) (recognizing that "deliberate indifference is determined by a subjective standard of recklessness" and that "'the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'").

court erred in concluding *ipso facto* that without a constitutional violation by Wolverton, the City could not be liable. We are not persuaded. In *City of Canton v. Harris*, the Court asked "whether there was a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[7] In *Monell v. New York City Dept. of Social Services*, the Court held that the original language of § 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."[8] While the officer here exceeded the posted speed limit, proceeding at a speed of approximately 60 miles per hour, perhaps 57 or 58 miles per hour, he did not act, as we have concluded, with a level of recklessness that was a breach of a constitutional duty. Any link between a city policy as to the speed at which an officer may respond to non-emergency calls and this accident cannot perforce constitute a constitutional violation.

AFFIRMED.

A true copy
Attest:   MAY 2 2 2008
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana

---

[7] 489 U.S. 378, 385 (1989) (emphasis added).

[8] 436 U.S. 658, 692 (1978).